| | |
|---|---|
| 1 | DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)<br>Minnie Loo, Trial Attorney |
| 2 | United States Department of Justice<br>Office of the United States Trustee |
| 3 | 235 Pine Street, Suite 700<br>San Francisco, CA 94104-3484 |
| 4 | Telephone: (415) 705-3333<br>Facsimile: (415) 705-3379 |

DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
Minnie Loo, Trial Attorney
United States Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-3484
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

Attorneys for Acting United States Trustee
 SARA L. KISTLER

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | No.   08-31520 |
| | ) | Chapter 7 |
| **PATRICK NG** and | ) | |
| **JOCELYN NG**, | ) | Date:  5 December 2008 |
| | ) | Time:  9:30 a.m. |
| Debtors. | ) | Place: 235 Pine Street, 23rd floor |
| | ) | San Francisco, California |

### ACTING UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE FOR ABUSE UNDER 11 U.S.C. § 707(b)

Sara L. Kistler, the Acting United States Trustee for Region 17 (UST), hereby moves this Court for an order dismissing this case under 11 U.S.C. § 707(b)(1) because this case is presumptively abusive under 11 U.S.C. § 707(b)(2) due to the adjustments of certain deductions to Debtors' *Chapter 7 Statement of Current Monthly Income and Means-Test Calculation* (Means-Test). Alternatively, the UST moves to dismiss this case as an abuse of Chapter 7 under 11 U.S.C. § 707(b)(3) because under the totality of the circumstances of Debtors' financial situation, Debtors have the present and future ability to repay their creditors.

This motion is based upon the *Memorandum of Points and Authorities*, the *Declaration of Wayne Yee*, filed herewith, together with the entire record in this case and such evidence and argument as may be introduced with respect to the Motion. Additionally, the UST requests the Court take judicial notice under F.R.E. 201 of its own records in the case in support of the facts set forth hereafter.

**I.    FACTS**

Debtors filed under chapter 7 of the Bankruptcy Code on 18 August 2008. Together, the

UST'S MOTION TO DISMISS CASE: 08-31520 - 1 -

Case: 08-31520    Doc# 29    Filed: 11/05/08    Entered: 11/05/08 15:38:03    Page 1 of 4

Debtors' gross earnings total nearly $109,000/year[1] and each drive a Lexus vehicle[2]. Debtors have a ten-year old child.

Mr. Ng, 43, has been employed for more than eight years by BDP International and makes more than $53,000 annually as an "export coordinator". Mrs. Ng, 41, has been employed for more than seven years by JAS Forwarding and makes nearly $56,000 annually as an "import entry writer".

Debtors surrendered their former residence in Vallejo, California and moved to rented housing in San Mateo, California effective 1 November 2007.[3] Debtors had not made any mortgage payments since January 2008 on their Vallejo property.

Debtors scheduled $575,610 of secured claims in Schedule D[4] and $99,139 of unsecured claims in Schedule F. The first meeting of creditors was held on 24 September 2008.

The UST determined that the presumption of abuse arose based on adjustments to Debtors' deductions on line 22A (vehicle operation/public transportation expense), line 25 (taxes), line 27 (life insurance), line 30 (childcare) and line 42 (future payments on secured claims). Based on the UST's calculation, the presumption of abuse arises and there is disposable income of nearly $700/month. In addition, the UST determined that Debtors did not provide information to show their deduction for telecommunication services in the amount of $189 was "for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents" and should also be adjusted. However, because the presumption arises without this adjustment, the UST has made no changes to this amount for the purposes of this Means-Test analysis.

---

[1] Debtors' gross earnings in 2007 totalled more than $102,000 and in 2006 $99,000. *Statement of Financial Affairs* 1.

[2] Debtors acquired a 2004 Lexus IS300 25 January 2008 and have a 1996 Lexus LX450. Debtors also own a 1981 Toyota Starlet which they sold to a friend 22 April 2008 for $400 (Debtors received $100 down payment and added the friend to the car registration) and a car trailer.

[3] See *Chapter 7 Individual Debtor's Statement of Intention* and *Statement of Financial Affairs* 15.

[4] Debtors failed to disclose the "date claim was incurred" for each claim but it appears that all but $27,200 (associated with Debtors' 2004 Lexus IS300) relate to Debtors' former residence.

UST'S MOTION TO DISMISS CASE: 08-31520 - 2 -

The UST also submits that the Debtors' negative monthly net income on Schedule J of (-$56.50) should be adjusted by the reduction or suspension of Debtors' contributions to their 401(k) plans reflected on Schedule I and by the discontinuation of the $160/month day care expenses. The UST objects to the $359/month for cable/internet/telephone/cell phones as unreasonable and the $50/month for charitable contributions as unsupported. With the foregoing adjustments, the resultant monthly net income of some $1,000 would return approximately 66% to unsecured creditors over a 60-month period.

### A.  Facts Relevant to 11 U.S.C. § 707(b)(2)

Debtors' Means-Test lists "(-3,023.80)" monthly disposable income under section 707(b)(2). " The UST filed her 10-day statement under 11 U.S.C. § 704(b)(1)(A) on 6 October 2008 indicating the presumption of abuse arises in this case.

Debtors' means test calculations were incorrect:

At Line 22A, Debtors are entitled to an additional $200 deduction for their 1996 Lexus.

At Line 25, Debtors' taxes were listed at $2,420. The UST recalculated the taxes based on the appropriate tax tables and Debtors' current status to be $2,218.

At Line 27, Debtors' life insurance expenses were listed at $91. Based on Debtors' pay advices, Debtors' monthly life insurance expense is $73.81.

At Line 30, Debtors listed childcare expenses at $160 which they have since discontinued.

At Line 34, Debtors disability insurance of $19.37 was added based on Debtors' pay advices.

At Line 42 (future payments on secured claims), Debtors' asserted deductions totalling $3,298 related to Debtors' former residence should be disallowed as they surrendered that residence. Debtors stopped making mortgage payments since January 2008 and moved into new quarters effective 1 November 2007, more than ten months before the Debtors filed their bankruptcy petition[5]. With respect to the deduction of $510 for Debtors' payments on their 2004 Lexus IS300, the UST corrected the amount to $560.40 based on Debtors' *Retail Installment Sales Contract*.

Making the foregoing adjustments to Debtors' deductions results in nearly $700 in monthly disposable income under § 707(b)(2) and the presumption of abuse arises.

---

[5] Debtors' move to San Mateo County in November 2007 allowed Debtors to file in this district.

UST'S MOTION TO DISMISS CASE: 08-31520                              - 3 -

Case: 08-31520    Doc# 29    Filed: 11/05/08    Entered: 11/05/08 15:38:03    Page 3 of 4

**B. Facts Relevant to 11 U.S.C. § 707(b)(3)**

Debtors' Schedule I show Debtors' payroll deductions each to include contributions to their 401(k) deferred compensation plans at 10% of their gross income. Mr. Ng valued his interest in his 401(k) plan at $2,400 and Mrs. Ng at $30,000 in Schedule B. The suspension or reduction of these contributions and repayments would avail more funds to repay creditors.

Debtors' Schedule J lists daycare at $160/month but this expense has been discontinued and the difference should be directed to repaying creditors.

Debtors' Schedule J also lists expenses for "cable/internet/telephone" at $170 and "cell phones" at $189 for a total of $359. This amount appears unreasonable under the circumstances and reduction to a more appropriate level would inure to the benefit of creditors.

Debtors' Schedule J lists $50 in "charitable contributions" that appear unsubstantiated.

Debtors' Schedule J shows a negative monthly net income of some (-$56.50). With the aforementioned adjustments, there would be more than $1,000 monthly net income to repay creditors. Over a 60-month period, this would result in nearly 66% return to unsecured creditors.

Based upon the foregoing, the UST submits that the facts set forth above support dismissal of this case for abuse of the provisions of chapter 7.

**II. PRAYER FOR RELIEF**

WHEREFORE, the United States Trustee respectfully requests

(I) entry of an order dismissing this case under Section 707(b)(1) as an abuse of chapter 7 on grounds that

(A) the case is a presumptively abusive under Section 707(b)(2) or,

(B) in the alternative, the totality of the circumstances of Debtor's financial situation demonstrates abuse under Section 707(b)(3)(B); and

(II) any other and further relief as the Court deems appropriate.

Dated: 5 November 2008                  Respectfully submitted,

Sara L. Kistler, Acting United States Trustee

By:    Minnie Loo
         Minnie Loo
         Attorney for the U.S. Trustee

UST'S MOTION TO DISMISS CASE: 08-31520      - 4 -